IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARGIE SHUFFIELD                                              PLAINTIFF

v.                       Civil no. 05-6040

FOUNTAIN LAKE SCHOOL DISTRICT                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action against Defendant for attorney's fees and costs incurred in an administrative proceeding brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(b)(6) and (f)(1). (Doc. 1.) Plaintiff seeks a total of $9,622.28 plus prejudgment interest. Plaintiff filed a Motion for Summary Judgment (Doc. 5.) Defendant filed a Response. (Doc. 10.) Both parties filed a Joint Stipulation asking the Court to decide the case on the merits. (Doc. 15.)

**I. BACKGROUND**

Except where noted the following facts are not disputed.[1] Plaintiff is the parent of a disabled child who, at all times relevant herein, was enrolled in Defendant Fountain Lake School District. Plaintiff filed a request for Due Process Hearing and Request for Expedited Due Process Hearing with the Arkansas Department of Education on February 13, 2002, regarding a

---

[1] Defendant does not substantially dispute the parent's specific recitation of the factual background. (Doc. 11 at 3.)

disciplinary action taken against her son.  Due to conflicts associated with the scheduling of the Due Process Hearing, the requests were dismissed.  Plaintiff re-filed the Due Process and Expedited Due Process requests on March 26, 2002.[2]  The issues for the expedited hearing became moot and it was dismissed.  At the request of both parties, the regular hearing was moved from April 15 and 16 to April 22, 23, and 24, 2002.  The hearing was again rescheduled to May 30 and 31, 2002 at the request of the Parents.

After a two day hearing, the Hearing Officer's Report and Decision listed five (5) issues that were decided in determining whether the District committed procedural and substantive violations of the IDEA and denied the Student a Free Appropriate Public Education (FAPE).[3]  The Hearing Officer found that the Student was denied FAPE during a 45 day period he was placed in an interim alternative educational setting.  The District was ordered to provide compensatory education with an amount determined by the

---

[2] Plaintiff's Brief in Support states the requests were re-filed on March 6, 2002.  (Doc. 6 at 3 & n. 1.)  Yet, Plaintiff's Complaint, (Doc. 1 at 4), Plaintiff's invoice  (Doc. 1, Ex. B. at 3.) and the Hearing Officer's report and decision states the requests were re-filed on March 26, 2002.  (Doc. 1, Ex. A at 8.)

[3] The issues were: (1) Failing to follow due process procedures of the IDEA in evaluating the Student for the 2001-2002 school year?; (2) Failing to follow due process procedures in changing the Student's placement at the December 11, 2001, conference?; (3) Failing to follow due process procedures in changing the Student's placement at the January 24, 2002, and February 12, 2002 conferences?; (4) Failing to provide an appropriate IEP for the 2001-2002 school year (specifically an appropriate BIP and social skills training)?; (5) Failing to educate the student in the least restrictive environment for the 2001-2002 school year?

Individualized Education Program (IEP) team. The Hearing Officer found no other procedural or substantive violations of the IDEA. Of the five (5) issues, the District was found to deny the Student FAPE based on only one.[4]

Plaintiff's counsel submitted a request for attorney's fees of $9,622.28 to the Superintendent of the District along with an itemized billing shortly after the Hearing Officer's decision. Of this amount, $9,486.00 represents work performed by the attorney. This figure is based on 63.24 hours of work performed at an hourly rate of $150. The remaining $136.28 is for costs incurred by plaintiff's attorney in the prosecution of this matter.

Defendant agrees that the parent should be awarded a fee, but objects to an award in the amount sought on the grounds that the number of hours charged for the proceeding are unreasonable.

**II. DISCUSSION**

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim that

---

[4] The Hearing Officer found the district was following due process procedures in changing the Student's placement, with the exception of the February 12, 2002 change of placement, when the array of services were changed to 240 minutes per week special education instruction from 1510 minutes per week special education and 420 general education minutes. (Doc. 1, Ex. B at 9.)

materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Birmingham v. Omaha Sch. Dist.,* 298 F.3d 731, 734 (8th Cir. 2002) (quoting *Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992))* (alterations omitted). Defendant concedes that plaintiff is a prevailing party. (Doc. 11 at 4.)

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Echkerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1339, 76 L.Ed.2d 40 (1983). The district court ... should exclude from this initial fee calculation hours that were not "reasonably expended" including hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434, 103 S.Ct., at 1939, quoting S.Rep. No. 94-1011, p. 6 (1976). In determining the amount of attorney's fees, the court should consider twelve factors:

> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services property, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

*Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069, 1074

n. 8 (8th Cir. 1991) (*citing, Hensley,* 461 U.S. at 430). Defendant does not challenge the reasonableness of counsel for parent's hourly rate. (Doc. 11 at 4). Rather defendant argues the hours expended are not reasonable for this case. Defendant argues there should be no award for time expended by Plaintiff's counsel prior to the second filing of the Due Process and Expedited Due Process hearings and no award for time associated with continuances. We do not fully agree, as some of this time apparently relates to the hearing that was held, such as time spent "meeting with the parents regarding the due process hearing and issues" and "research[ing] and prepar[ing] request for expedited due process hearing", along with "review of witness list". However, we do agree that of the time remaining whereby Plaintiff's counsel receives and reviews approximately 15 letters and/or orders for 5.1 hours to be unreasonable. We find 2.55 hours to be a reasonable amount of time for these services. Defendant argues a minimum of 6.2 hours should be deducted for work associated with re-settings and voluntary dismissals. We agree, as this work is redundant and excessive and not "reasonably expended" on the case.

The Court has carefully reviewed the itemized time sheets submitted by Theresa Caldwell, plaintiff's counsel, which are supported by affidavits and by an itemized billing, and has deducted time that appears to be unreasonable or unwarranted. Thus, we will adopt as our lodestar amount the figure of $8,173.50.

Once the lodestar amount has been determined, the court must consider whether other factors not considered in arriving at the lodestar amount lead the court to adjust the fee upward or downward. *Hensley*, 461 U.S. at 434. Defendant argues that because plaintiff is a prevailing party in only one of five issues identified by the Hearing Officer and that the parent only achieved partial success in her requested relief, the amount of the fee reward should be reduced.

The extent of plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. *Id.* at 440, 103 S.Ct. at 1943. *Hensley* held that where a plaintiff fails on a ... claim unrelated to the successful claims, the value of the hours spent on the unsuccessful claim should be excluded from the awarded fee. *Id.* at 440, 103 S.Ct. at 1943. The Supreme Court set out two questions that must be addressed: First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? *Id.* at 434, 103 S.Ct. at 1940. Plaintiff argues that the only claim raised by the parent in the Due Process Hearing was whether or not the District deprived her child a FAPE. We agree. Plaintiff brought her action under 20 U.S.C. § 1415(b)(6) and (f)(1) pursuant to IDEA alleging a violation of the Act. Plaintiff's claim of a violation involved

the same set of facts.  Plaintiff proceeded under three theories[5] and requested relief in three forms[6].  The Hearing Officer decided the District committed procedural and substantive violations of the IDEA and denied the Student FAPE.  The Hearing Officer awarded plaintiff compensatory education, a relief she requested.  Plaintiff did not present distinctly different claims for relief that were based on different facts and different legal theories.  We do not find that plaintiff failed to prevail on claims that were unrelated to the claims on which she succeeded.  We also find that the plaintiff achieved a level of success that made the hours reasonably expended a satisfactory basis for making a fee award.

We have considered the relationship between the amount of the fee awarded and the results obtained and find the fee to be reasonable.

Plaintiff also seeks reimbursement for costs in the amount of $136.28.  Defendant makes no objection to the costs, and accordingly, recovery of the total amount will be allowed.

---

[5] 1) That the district failed to follow due process procedures of the IDEA in evaluating the Student, programming for the Student, in changing the Student's placement; 2) That the District failed to provide an appropriate IEP for the Student for the 2001-2002 school year (failing to provide an appropriate BIP and social skills training); and 3) That the District failed to educate the Student in the least restrictive environment (LRE) for the 2001-2002 school year.  4) That the District's failures have served to deprive the Student of a Free and Appropriate Education.  (Doc. 5, Ex. A at 1.)

[6] 1) Compensatory education for the denial of FAPE to address the Student's academic and social skills deficits; 2) An appropriate IEP and placement in the LRE, to included a non-aversive behavior intervention plan and social skills training, if deemed appropriate; 3) A behavior specialist and/or professional agreed upon by the Parent and District to serve as a permanent member of the Student's IEP Team and to assist in the development of a behavior intervention plan, if deemed appropriate.  (Doc. 5, Ex. A at 3.)

## III. CONCLUSION

For the reasons stated within the foregoing opinion, plaintiff's motion is GRANTED. Accordingly, plaintiff is awarded Eight thousand, one hundred seventy-three dollars and fifty cents ($8,173.50) in attorney's fees and One hundred thirty-six dollars and twenty-eight cents ($136.28) in costs. Said attorney's fees and costs shall bear interest at the prevailing legal rate from the date of entry of this order until paid.

IT IS SO ORDERED AND ADJUDGED this 6th day of December 2005.

/s/Robert T. Dawson
Robert T. Dawson
United States District Judge